UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
ROCHESTER DIVISION

| | |
|---|---|
| DARNELL LEE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    -against-<br><br>SUTHERLAND GLOBAL SERVICES, INC.,<br><br>    Defendant. | Case No. _____<br><br><br><br>**ORIGINAL NATIONWIDE COLLECTIVE ACTION COMPLAINT** |

**SUMMARY**

1.      Like many other companies across the United States, Sutherland Global Services, Inc.'s (Sutherland Global) Kronos-based timekeeping and payroll systems were affected by a service outage in beginning in December 2021.

2.      That outage led to problems in timekeeping and payroll throughout Sutherland Global's organization.

3.      As a result, Sutherland Global's workers who were not exempt from overtime under federal law were not paid for all overtime hours worked and/or were not paid their proper overtime premium on time, if at all, for all overtime hours worked during and after the onset of the Kronos outage.

4.      Darnell Lee is one such Sutherland Global worker.

5.      Sutherland Global's failure to pay wages, including proper overtime, on time and in full for all hours worked violates the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*

6. Lee worked for Sutherland Global during the Kronos outage and was affected by these pay practices—just like Sutherland Global's other nonexempt workers.

7. This action seeks to recover the unpaid wages and other damages Sutherland Global owes Lee and these all these workers under the law, including unpaid wages, liquidated damages, penalties, interest, and other remedies provided by federal law.

## JURISDICTION & VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Sutherland Global is headquartered in this District.

## PARTIES

10. **Plaintiff Darnell Lee** is a natural person.

11. Lee was, at all relevant times, an employee of Sutherland Global.

12. Lee worked for Sutherland Global during the Kronos outage.

13. Lee represents a collective of similarly situated workers under the FLSA pursuant to 29 U.S.C. § 216(b). This "FLSA Collective" is defined as:

> **All current or former non-exempt employees of Sutherland Global who worked at any time since the onset of the Kronos ransomware attack, on or about December 11, 2021, until the time that Sutherland Global regained full access to all Kronos products and services, <u>and resumed normal employee timekeeping and payment operations</u>.**

14. Throughout this Complaint, the FLSA Collective members are also referred to as the "Similarly Situated Workers."

15. **Defendant Sutherland Global Services, Inc. ("Sutherland Global")** is a domestic corporation.

16. Sutherland Global maintains its headquarters and principal place of business in this District.

17. Sutherland Global may be served by service upon its registered agent, **Delip Vellodi, 1160 Pittsford Victor Rd., Pittsford, NY 14534**, or by any other method allowed by law.

## COVERAGE UNDER THE FLSA

18. At all relevant times, Sutherland Global was an employer of Lee within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

19. At all relevant times, Sutherland Global was and is an employer of the FLSA Collective Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

20. Sutherland Global was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

21. During at least the last three years, Sutherland Global has had gross annual sales in excess of $500,000.

22. Sutherland Global was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

23. Sutherland Global employs many workers, including Lee, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

24. The goods and materials handled, sold, or otherwise worked on by Lee and other Sutherland Global employees and that have been moved in interstate commerce include, but are not limited to, computers, office supplies, and telecommunication equipment.

## FACTS

25. Sutherland Global provides business process and technology management services.

26. Many of Sutherland Global's employees are non-exempt hourly and salaried workers.

27. Since at least 2021, Sutherland Global has used Kronos timekeeping software.

28. On or about December 11, 2021, the Kronos system suffered a disruption in service due to a ransomware attack.

29. The Kronos outage interfered with the ability of Kronos users, including Sutherland Global, to use Kronos to track hours and pay employees.

30. For at least a portion of time following the Kronos hack, Sutherland Global failed to accurately track the hours that Lee and Similarly Situated Workers worked.

31. For at least a portion of time following the Kronos outage, Sutherland Global failed to correctly pay Lee and Similarly Situated Workers for the hours that it did track, or for hours that were not tracked.

32. Instead, Sutherland Global used various methods to estimate the number of hours Lee and Similarly Situated Workers have worked in each pay period.

33. As a result of Sutherland Global's failure to accurately track the actual hours worked each week, employees who were non-exempt were in many cases paid less than the hours they worked in the workweek, including overtime hours.

34. As a result of Sutherland Global's failure to accurately pay non-exempt employees the hours that they reported each week, employees who were non-exempt were in many cases paid less than the hours they worked in the workweek, including overtime hours.

35. Many employees were not paid for all their non-overtime wages for hours worked in certain workweeks.

36. Lee is one of the many Sutherland Global employees affected by these pay and timekeeping practices.

37. Lee regularly worked over 40 hours per week for Sutherland Global.

38. Lee worked for Sutherland Global for 40 hours, or more, during one or more workweeks during the Kronos outage.

39. But Lee was not paid the proper overtime premium for all hours worked on time, if at all, for each of those weeks after the onset of the Kronos service disruption, on or about December 11, 2021.

40. In properly calculating and paying overtime to a non-exempt employee, the only metrics that are needed are: (1) the number of hours worked in a day or week, and (2) the employee's regular rate, taking into account shift differentials, non-discretionary bonuses, and other factors allowed under the law.

41. Sutherland Global knows it has to pay proper overtime premiums to non-exempt hourly and salaried employees.

42. Sutherland Global knows this because, prior to the Kronos hack, it routinely paid these workers for all overtime hours at the proper overtime rates.

43. Sutherland Global could have instituted any number of methods to accurately track and timely pay its employees for all hours worked.

44. But Sutherland Global did not accurately track time and fully and timely pay employees for the time they worked, including overtime hours, and at the regular rates at which they were supposed to be paid.

45. It was feasible for Sutherland Global to put in timekeeping and pay systems during the Kronos outage so that employees could be timely paid the full and correct amounts of money they were owed for the work they did for the company.

46. But Sutherland Global failed to put a competent system in place to ensure that happened.

47. In other words, Sutherland Global pushed the effects of the Kronos hack onto the backs of its most economically vulnerable workers, making sure that it kept the money it owed to those employees in its own pockets, rather than taking steps to make sure its employees were paid on time and in full for the work they did.

48. An employer cannot set up inefficient timekeeping and payroll systems and then claim it is not responsible for the timely payment of wages. *Cahill v. City of New Brunswick*, 99 F.Supp.2d 464, 475 (D.N.J. 2000).

49. Yet, in the wake of the Kronos outage, that is exactly what Sutherland Global did.

50. Lee is just one of the many front-line employees who had to shoulder the burden of this decision by Sutherland Global.

51. Lee is just one of the many Sutherland Global employees who had to shoulder the burden of Sutherland Global's timekeeping and payroll policies and practices.

52. Lee was a non-exempt hourly employee of Sutherland Global.

53. Lee regularly worked over 40 hours per week for Sutherland Global.

54. Lee's normal, pre-Kronos outage hours are reflected in Sutherland Global's records.

55. Lee regularly worked over 40 hours per week for Sutherland Global on one or more workweeks during payroll cycles affected by the Kronos outage.

56. In payroll cycles affected by the Kronos outage, Sutherland Global did not timely pay Lee and Similarly Situated Workers for their actual hours worked each week.

57. In payroll cycles affected by the Kronos outage, Sutherland Global did not accurately record the hours worked by Lee and Similarly Situated Workers, in multiple workweeks.

58. Sutherland Global was aware of the overtime requirements of the FLSA.

59. Sutherland Global nonetheless failed to pay the full overtime premium owed to certain non-exempt hourly and salaried employees, such as Lee.

60. Sutherland Global nonetheless failed to pay the full overtime premium owed to certain non-exempt hourly and salaried employees, such as Lee.

61. Sutherland Global's failure to pay overtime to these non-exempt workers constitutes a willful violation of the FLSA.

62. The full overtime wages owed to Lee and the Similarly Situated Workers became "unpaid" when the work for Sutherland Global was done—that is, on Lee and the Similarly Situated Workers' regular paydays. *See, e.g.*, *Martin v. United States*, 117 Fed. Cl. 611, 618 (2014); *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993); *Cook v. United States*, 855 F.2d 848, 851 (Fed. Cir. 1988); *Olson v. Superior Pontiac–GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir.1985), *modified*, 776 F.2d 265 (11th Cir.1985); *Atlantic Co. v. Broughton*, 146 F.2d 480, 482 (5th Cir.1944); *Birbalas v. Cuneo Printing Indus.*, 140 F.2d 826, 828 (7th Cir.1944).

63. At the time Sutherland Global failed to pay Lee and the Similarly Situated Workers in full for their overtime hours by their regular paydays, Sutherland Global became liable for all liquidated damages and any other damages owed under federal law.

64. In other words, there is no distinction between late payment and nonpayment of wages under federal law. *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993).

65. Any payment made by Sutherland Global to Lee or the Similarly Situated Workers that Sutherland Global may allege represents previously unpaid wages was not supervised by the Department of Labor or any court.

66. The untimely payment of overtime wages, in itself, does not resolve a claim for unpaid wages under the law. *See*, *e.g.*, *Seminiano v. Xyris Enterp., Inc.*, 602 Fed.Appx. 682, 683 (9th Cir. 2015); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982).

67. Nor does the untimely payment of wages, if any, compensate workers for the damages they incurred due to Sutherland Global's acts and omissions resulting in the unpaid wages in the first place.

68. Lee and the Similarly Situated Workers remain uncompensated for the wages and other damages owed by Sutherland Global under federal law.

### COLLECTIVE ACTION ALLEGATIONS

69. Numerous individuals were victimized by Sutherland Global's patterns, practices, and policies, which are in willful violation of the FLSA.

70. Based on his experience and tenure with Sutherland Global, Lee is aware that Sutherland Global's illegal practices were imposed on the FLSA Collective.

71. The FLSA Collective members were not paid their full overtime premiums on time, if at all, for all overtime hours worked.

72. These employees are victims of Sutherland Global's respective unlawful compensation practices and are similarly situated to Lee in terms of the pay provisions and employment practices at issue in the collective in this lawsuit.

73. The workers in the FLSA Collective were similarly situated within the meaning of the FLSA.

74. Any differences in job duties do not detract from the fact that these FLSA non-exempt workers were entitled to overtime pay.

75. Sutherland Global's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices, which are not dependent on the personal circumstances of the FLSA Collective members.

76. The FLSA Collective should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

### CAUSE OF ACTION—OVERTIME VIOLATIONS OF THE FLSA

77. Lee incorporates each other allegation.

78. By failing to pay Lee and the FLSA Collective members overtime at 1.5x their regular rates, on time and in full, Sutherland Global violated the FLSA. 29 U.S.C. § 207(a).

79. Sutherland Global owes Lee and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

80. Sutherland Global owes Lee and the FLSA Collective members the difference between the rate actually paid for overtime, if any, and the proper overtime rate.

81. Likewise, Sutherland Global owes Lee and the FLSA Collective members their agreed-upon rates of pay for all hours worked up to and including 40 each week in which they worked over 40 hours in the week, but were not paid in full for all hours. 29 C.F.R. § 778.315.

82. Sutherland Global knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay Lee and the Collective members the compensation owed to them under the FLSA.

83. Because Sutherland Global knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Sutherland Global owes these wages for at least the past three years.

84. Sutherland Global's failure to pay compensation owed under the FLSA to Lee and the Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

85. Because Sutherland Global's decision not to pay overtime was not made in good faith, Sutherland Global also owes Lee and the Collective members an amount equal to the unpaid wages as liquidated damages.

86. Accordingly, Lee and the FLSA Collective members are entitled to their unpaid wages under the FLSA, including their agreed-upon wages up to 40 hours each week they worked overtime and overtime wages in an amount equal to 1.5x their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

**RELIEF SOUGHT**

Lee prays for judgment against Sutherland Global as follows:

    a. For an order certifying a collective action for the FLSA claims;

    b. For an order finding Sutherland Global liable for violations of federal wage laws with respect to Lee and the FLSA Collective members;

c.  For a judgment awarding all unpaid wages, liquidated damages, and penalty damages, to Lee and the FLSA Collective members;

d.  For an equitable accounting and restitution of wages due to Lee and the FLSA Collective members;

e.  For a judgment awarding costs of this action to Lee and the FLSA Collective members;

f.  For a judgment awarding attorneys' fees to Lee and the FLSA Collective members;

g.  For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Lee and the FLSA Collective members; and

h.  For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Andrew R. Frisch*

By: _____

Andrew R. Frisch
NY Bar No. 3957115
**MORGAN & MORGAN, P.A.**
8151 Peters Road, Suite 4000
Plantation, Florida 33324
Telephone: (954) WORKERS
Facsimile: (954) 327-3013
Email: AFrisch@forthepeople.com

**Matthew S. Parmet**
TX Bar # 24069719
(*seeking admission pro hac vice*)
**PARMET PC**
2 Greenway Plaza, Ste. 250
Houston, TX 77046
phone  713 999 5228
matt@parmet.law

**Attorneys for Plaintiff**

## JURY DEMAND

Lee demands a trial by jury on all issues.

/s/ *Andrew R. Frisch*

**Andrew R. Frisch**